### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DION EDWARD RIDDLE, #288058,** | : |
| Plaintiff, | : |
| vs. | :  CIVIL ACTION NO. 1:22-00077-JB-N |
| **MARY COOK,** *et al.*, | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Plaintiff Dion Edward Riddle, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that Defendant former-Warden Mary Cook be dismissed with prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims against her are frivolous.

### I. Proceedings.

Riddle's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). In conducting the screening, an order has been entered for Riddle to amend his claims against Defendants Lt. Smith and Officer Etheridge because a claim was not stated against either Defendant in the complaint. *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010) (a *pro se* plaintiff is to be given at least one chance to amend the complaint before dismissal where a more carefully drafted complaint might state a claim). In the order the Court also advised Riddle that his claim against

Defendant Officer Daily would be proceed in this action. And, with regard to his claim against Defendant "Ex-Warden" Mary Cook, this Report and Recommendation is being entered because his claim against her is frivolous.

In the complaint Riddle alleges that he "gave [Cook] a[n] inmate request slip to investigate matter & to contact A.D.O.C's I & I Division," with regard to him being "punched in the face then dragged by C.O. Daily." (Doc. 1 at 7, PageID.7). He alleges that he still has not heard a response. (*Id.* at 6, PageID.6).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Riddell is proceeding *in forma pauperis*, the Court is screening his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where a claim seeks to enforce a right that clearly does not exist. *Id.* at 327, 109 S.Ct. at 1833.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Courts liberally construe the pleadings of *pro* se litigants, *Tannenbaum v. U.S.*,

148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Factual allegations are treated as true by courts, but conclusory assertions or a recitation of a cause of action's elements are not. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.  Discussion.

Riddle's allegations against Defendant Cook are brief. He maintains that he is entitled to a response from Defendant Cook to his request/grievance. However, the law in this circuit and other circuits holds that "an inmate has no constitutionally-protected liberty interest in access to [a grievance] procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (dismissing as frivolous a claim that the grievance system was inadequate); *Thomas v. Warner,* 237 F. App'x 435, 437-38 (11th Cir. 2007) (same)[1]; *Adams v. Rice*, 40 F.3d 72, 75  (4th Cir.) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"), *cert. denied,* 514 U.S. 1022 (1995). Then, it also follows that if no right to a grievance system exists, there is no right to receive a response to a grievance/request. *Chapman v. La. Corr. Servs.*, 2010 WL 1929858, at *4 (S.D. Ala. 2010) (unpublished);

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

*Brown v. Dodson*, 863 F. Supp.284, 285 (W.D. Va. 1994).  Accordingly, Riddle does not have a constitutional right to receive a response from Defendant Cook.

**IV.  Conclusion.**

Based upon the foregoing reason, it is recommended that Defendant former-Warden Mary Cook be dismissed with prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims against her are frivolous.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 2nd day of December 2022.

/s/ *Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**