### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DION EDWARD RIDDLE, #288058,** | : |
| Plaintiff, | : |
| vs. | :  CIVIL ACTION NO. 1:22-00077-JB-N |
| **MARY COOK,** *et al.*, | : |
| Defendants. | : |

### AMENDED ORDER[1]

This action is before the Court for the screening of Plaintiff Dion Edward Riddle's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which authorizes the Court to dismiss a complaint brought by someone proceeding *in forma pauperis* if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). In screening the present complaint, the Court finds that claims are not stated against some Defendants and is **GRANTING** Riddle the opportunity to amend his claims against a Defendant for the purpose of stating a claim against that Defendant. *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010) (a *pro se* plaintiff is to be given at least one chance to amend the complaint before dismissal where a more carefully drafted complaint might state a claim). The amended claims against the specified Defendants will replace the original claims against those Defendantss and, therefore, Riddle shall not rely on them. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (matters in the original complaint are considered abandoned when an amended complaint

---

[1] This amended order withdraws and replaces the prior order to file an amended complaint entered December 2, 2022 (Doc. 11).

is filed).

Riddle names as Defendants Ex-warden Mary Cook, Lt. Smith, Officer Daily, and Officer Etheridge. (Doc. 1 at 7-9, PageID.7-9). Riddle has stated a claim against Officer Daily so the claim will proceed against Officer Daily for punching him in the face and dragging him across the floor into a fenced area where he stayed for 4 hours and 40 to 45 minutes. (Doc. 1 at 8, PageID.8). In addition, a report and recommendation is being entered for the dismissal of Defendant Cook because the claim against her is frivolous.

**Defendant Lt. Smith**

With respect to Lt. Smith, Riddle states that "he [Smitih] was aware of the matter and did nothing to assist." (Doc. 1 at 7, PageID.7). Riddle states that "[w]hile [he] was in the fenced in cage, [he] told [Lt. Smith] about the above caption matter, herein he did nothing about it." (*Id.*). Additionally, he stated that Lt. Smith along with Officer Daily left him outside in the fenced area for 4 hours and 40 to 45 minutes. (*Id.* at 6, PageID.6). Riddle's allegations are not clear as to what Lt. Smith did to violate his constitutional rights. Rather, the allegations are vague and conclusory and are, therefore, subject to dismissal. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir 1984).

Riddle is being advised of the following pleading requirements for pleading a complaint in federal court and then for pleading a claim under 42 U.S.C. § 1983. A civil complaint in federal court is required to contain "a short and plain statement" of the plaintiff's claim. FED.R.CIV.P. 8(a). A complaint must contain "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires the pleading of "more than labels and conclusions," "a formulaic recitation of the elements of a cause of action," "an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949. While the "complaint 'does not need detailed factual allegations, [it still] must give the defendant fair notice of what the plaintiff's claim is and the [factual] grounds upon which it rests[.]" *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citation and internal quotation marks omitted). Allegations unsupported by facts are vague and conclusory and, therefore, subject to dismissal. *Fullman*, 739 F.2d at 556-57. Moreover, to show a defendant is liable for the misconduct, a plaintiff is required to include factual allegations for each essential element of his or her claim. *Randall*, 610 F.3d 701, 707 n.2 (11th Cir. 2010).

To state a claim under § 1983, it must be shown "that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); 42 U.S.C. § 1983. A causal connection is required to be shown in a § 1983 action between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a claim. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932 (1983). A plaintiff can demonstrate this causal connection by alleging facts that show what each defendant did to violate his constitutional or federal rights or, to state it another way, that

show how each defendant was involved in his claim for a violation of his constitutional or federal rights.

However, in a § 1983 action, negligent conduct cannot serve as a basis for liability. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). And a supervisory official cannot be held liable solely based on a subordinate's actions. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Rather, to state a claim against a supervisory official, a plaintiff must allege that the supervisor either "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013). This causal connection may be shown through a supervisor's "policy or custom [that] resulted in a deliberate indifference[,]" *id.*, a history of widespread abuse, or the supervisor directing the subordinate to act unlawfully or knowing the subordinate would act unlawfully, he failed to stop him. *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir.), *cert. denied*, 552 U.S. 1095 (2008). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citation and internal quotations marks omitted).

**Defendant Officer Etheridge**

Riddle complains that Officer Etheridge "denied him medical treatment and the use of the restroom [which] caus[ed] [him] to urinate (pee) on [him]self." (Doc. 1 at 4, PageID.4). He states that Defendant Etheridge told him "to 'urinate on [him]self.'" (*Id.* at 6, PageID.5). "That's what [he] had to do and did. Then, [he] asked [Etheridge] for medical help . . .

[Etheridge] told [him] that 'I a[in't] going to get you nothing/nobody' and did not get [him] medical treatment." (*Id.*). As a result, Riddle alleges that he suffered "a scar" and had to use the bathroom on himself. (*Id.* at 9, PageID.9).

The allegations against Defendant Etheridge are for a violation of the Eighth Amendment. A conditions-of-confinement claim under Eighth Amendment has an objective component and a subjective component. *Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004). For the objective component, "a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment[,]" *id.* at 1289 (citing *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)), and it caused the unnecessary and wanton infliction of pain," *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The condition must be "extreme." *Id.* And for the subjective component, a prisoner "must show that the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." *Id.* (quoting *Hudson*, 503 U.S. at 8). That is, the defendant acted with deliberate indifference. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). Both components for a conditions of confinement claim must be met to state a claim. *Id.* at 1297.

"To the extent that . . . conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399. "[T]he Constitution does not mandate comfortable prisons, *id.* at 349, 101 S.Ct. at 2400, and "if the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of cruel and unusual punishment, that ends its obligations under Amendment Eight." *Newman v. Alabama,* 559 F.2d 283, 291 (5th Cir. 1977).

However, "the Eighth Amendment may be violated if inmates are required to live in unsanitary conditions or those lacking basic elements of hygiene." *Stone v. Santa Rosa Cnty. Jail*, 2017 WL 2644065, at *2 (N.D. Fla. 2017) (unpublished) (citing *Chandler v. Baird*, 926 F.2d 1057, 1064 (11th Cir. 1991)). The length of exposure to the condition is considered in determining if there is a constitutional violation. *Id.* In *Stone*, a prisoner being held for two hours with six other inmates in a small interview room with a urine smell, human waste on the floor, and no chairs, toilet or running water was not subjected to extreme conditions and, therefore, his claim did not rise to the level of an Eighth Amendment violation. *Id.* at *1-*2. Similarly, having to sleep on the cell floor for two nights next to the toilet with inmates urinating and defecating "over him" while he tried to sleep did not violate the Eighth Amendment. *Jacoby v. Baldwin Cnty.* 835 F.3d 1338, 1243, 1346 (11th Cir. 2016). However, after being given medicine that caused loose stools and then being forced to defecate into his jumpsuit while restrained and to lie in his waste for two days during his three-day hospital stay did violate the prisoner's rights under the Eighth Amendment. *Brooks v. Warden*, 800 F.3d 1295, 1303 (11th Cir. 2015).

Here, Riddle's allegations reflect that he urinated on himself (not elsewhere in the place of his confinement) and remained in that state at the most for 4 hours plus 40 to 50 minutes, as the time when he urinated on himself is not stated. No other allegations about the conditions or related injuries are present. Thus, the allegations do not make out a claim that rises to the level of a violation of the Constitution.

Regarding the medical claim, the allegations simply state that he was denied medical treatment. However, to state a medical claim under the Eighth Amendment, an inmate is required to show that a defendant has been deliberately indifferent to his serious

medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-5, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To establish a deliberate indifference, it must be shown that the defendant must both "'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. at 837, 114 S.Ct. at 1979)). That is, "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Id.* (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Here, Riddell does not identify a medical need, much less a medical need that is serious. Nor do the allegations show that Defendant Etheridge knew of the serious medical need and that due to the delay of four hours or so, he was injured. Because of the absence of facts to support the conclusory allegation that he was denied medical treatment, Riddle has failed to state a claim for deliberate indifference to a serious medical need.

**Conclusion**

Riddle must file his amended complaint to address the above-described deficiencies no later than **DECEMBER 30, 2022**. If Riddle elects to amend his claims against Defendants Smith and Etheridge, he is **ORDERED** to use the Court's form for a § 1983 complaint for pleading his amended claims against these Defendants. The failure to file an amended claim against either Defendant will result in a recommendation to dismiss the Defendant against whom an amended claim has not been filed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

When pleading the amended claims, Riddle is again cautioned that he must comply

with the pleading requirements of Rule 8(a), *Twombly, supra*, and *Iqbal, supra*. Furthermore, the failure to advise the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order.

The Clerk is **DIRECTED** to send the Court's § 1983 complaint form to Riddle.

**DONE and ORDERED** this the 5th day of December 2022.

>  */s/ Katherine P. Nelson*
> **UNITED STATES MAGISTRATE JUDGE**