IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DION EDWARD RIDDLE, | ) | |
| AIS # 288058, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-00077-JB-N |
| | ) | |
| MARY COOK, *et al.*, | ) | |
|    Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Dion E. Riddle – an Alabama inmate proceeding *pro se* – initiated the above-styled civil action by filing a complaint pursuant to 42 U.S.C. § 1983, along with a contemporaneous motion to proceed *in forma pauperis* ("IFP"),[1] on February 11, 2022.[2] (Doc. 1). IFP status was subsequently granted, and service of Riddle's complaint was withheld so that his compliant could be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] Screening was conducted, and the undersigned entered a Report and Recommendation ("R&R") on December 2, 2022, which recommended Defendant Cook

---

[1] The assigned District Judge referred Riddle's complaint and IFP motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b) (2/22/2023 elec. ref.).

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

[3] The undersigned initially granted IFP status by order dated February 24, 2022, and instructed Plaintiff to remit a partial filing fee by March 24, 2022. (Doc. 3). However, the partial filing fee was not received by this date, so the undersigned instructed Riddle to show cause for his non-compliance. (Doc. 4). Riddle responded to the Court's order (Doc. 5), an extension was granted (Doc. 6) and a second IFP motion was filed May 16, 2022. (Doc. 7, PageID.51). The undersigned opted to treat the second IFP motion as a motion for reconsideration and rescinded the prior order imposing a partial filing fee. (Doc. 9, PageID.71). However, this order further directed the Clerk to withhold service so that the complaint could be screened pursuant to 28 U.S.C. § 1915. (*Id.*).

be dismissed because the claims against her were frivolous. (*See* Doc. 10).[4] On this same date, the undersigned entered an order directing Riddle to amend his complaint. (Doc. 11). Riddle filed nothing further with the Court until January 25, 2023, when he filed a self-styled "Motion to Drop All Matters." (Doc. 15). Plaintiff explains in this filing his desire to "drop and/or to dismiss" the present action for a myriad of reasons articulated therein. (*See* Doc. 15).

The remaining Defendants in this action have not yet been served, nor have they filed anything with the Court since the action has commenced. Subject to inapplicable exceptions, Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to "dismiss an action without a court order by filing …. a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…" Fed. R. Civ. P. 41(a)(1)(A)(i). That rule "grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (citations omitted). Such a notice need not be expressly labeled as such in order to be self-effectuating, so long as the plaintiff's desire to dismiss the action is reasonably apparent, and no answer or motion for summary judgment has been served. *Cf. id.* ("The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence."). "Except as provided in

---

[4] No objections were filed to this R&R, and it was adopted as the opinion of the Court by order dated January 3, 2023. (Doc. 14).

2

Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants,* 781 F.2d at 857.

*Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (per curiam).

Accordingly, to the extent Riddle's "Motion to Drop All Matters" is self-effectuating, this notice is sufficient for his case to be closed. However, to the extent this filing does not constitute a self-effectuating notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the undersigned **RECOMMENDS** that Dion Riddle's motion be **GRANTED** and that this action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of February 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**